## Logan *v.* Smith

No. 40300          December 17, 1956          91 So. 2d 707

*A. B. Amis, Jr.,* Newton, for appellant.

*Sidney Roebuck,* Newton; *Wright, Overstreet & Kuykendall,* Jackson, for appellee.

ARRINGTON, J.

From a decree of the Chancery Court of Newton County refusing to admit to probate a will of Miss Lizzie Watts, Mrs. Cornelia Watts Logan, the appellant, appeals to this Court.

The facts as reflected by the record are substantially as follows: Miss Lizzie Watts died on December 24, 1933, leaving as her sole heir her brother, H. H. Watts, who lived in the home with her. H. H. Watts died intestate in February, 1935, and his estate was administered in the Chancery Court of Newton County, leaving as his sole heirs, his three children, W. W. Watts, H. E. Watts, and Mrs. Cornelia Watts Logan. W. W. Watts died in 1953, leaving as his sole heirs at law his wife and daughter, Mrs. Dorothy Watts Smith, the appellee here. In 1938, on the sworn petition of H. E. Watts, W. W. Watts and Mrs. Cornelia Watts Logan, letters of administration of her estate were issued to H. E. Watts. This petition recited that Miss Lizzie Watts died intestate and also stated that ''Miss Lizzie Watts died on the 24th day of December 1933, having no last will and testament so far as your petitioners know or believe.'' The estate was administered and the administrator discharged.

On June 8, 1935, W. W. Watts, father of the appellee, filed a caveat protesting the probating of the will alleged to be signed by Miss Lizzie Watts on or about January 6, 1933, or any other instrument as the last will and testament of Miss. Lizzie Watts. On June 29, 1955, Mrs.

Cornelia Watts Logan filed a petition for the probate of the last will and testament of Miss Lizzie Watts, to which Mrs. Dorothy Watts Smith filed a caveat and to which caveat the appellant filed a general and a special demurrer. The general demurrer was overruled, and the special demurrer was sustained in part. The appellant then filed an answer to the caveat denying all the affirmative defenses as set up in the caveat.

On Motion of the appellant, the affirmative matter in the caveat of the appellee against the probate of the will was heard by the chancellor, and after hearing the evidence, he refused to admit the will to probate.

The pleadings in this cause admit that the appellant and her two brothers knew that the will was in existence at the time all made oath that Miss Lizzie Watts died intestate, and that they were the sole surviving heirs. In addition to this, the appellant's brother, H. E. Watts, testified in her behalf that she had the will in her possession at the time the petition for administration was filed. The chancellor, in his opinion, stated that upon the facts presented, he was of the opinion that there was an agreement between the appellant and her brothers that all three of them would inherit under the laws of descent and distribution, and that the appellant could not maintain one position for more than 22 years and now assert another contrary to the first.

██ We are of the opinion that the appellant is now estopped to offer the will for probate. In the case of Smith v. Smith, 211 Miss. 481, 52 So. 2d 1, the Court said: "In Standard Oil Co. v. Crane, 199 Miss. 69, 84, 23 So. 2d 297, 301, this Court said: 'The sworn allegations of a bill by which a litigant seeks to move a court to its relief may not be lightly disavowed by affiant when, in another proceeding, its recitals rise to plague him in an inconsistent course. Indeed, in the absence of special circumstances or explanation, a court

has the right, if not the duty, to hold a litigant to the
position which he takes in seeking its aid and, by assum-
ing in his behalf utter good faith in the first instance,
to reproduce such assumption later, even to his hurt.
Certainly, insincerity or bad faith may never be pleaded
in a tribunal which demands the contrary.' Appellants
say that the appellees herein were not defendants to their
confirmation suit against the State, but we call attention
to the fact that in the cited case the parties were not
the same as in the prior proceeding therein referred to.
We do not think that the appellants can 'blow hot' in 1947
as to the validity of the tax sale, and then 'blow cold' on
the same proposition in the same court in 1949. They
are estopped to question its validity under the facts
here presented.

In the case In Re Stoball's Will, 211 Miss. 15, 50
So. 2d 635, we said: "Laches and estoppel are closely
related, as are estoppel by delay and by silence or
inaction. 19 Am. Jur., Estoppel, Secs. 38, 59. Estop-
pel may exist where based upon words, conduct, silence,
or delay." The Court further said that "as a matter of
public policy and at common law a person in possession
of a will, after testator's death, has a duty to produce
and file it with the proper parties or court." Miss.
Code 1942, Sec. 497; 2 Page on Wills, Sec. 585.

We are of the opinion that the chancery court was
correct in refusing to admit the will to probate. We
can not say that he was manifestly wrong, therefore, it
follows that the decree of the court below is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Ethridge* and *Gillespie,* JJ.,
concur.